UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TERRY WILLIAMS,

  Plaintiff,

v.

CONN APPLIANCES INC.,

  Defendant.

_____/

CASE NO.:

## COMPLAINT

COMES NOW Plaintiff, TERRY WILLIAMS, by and through the undersigned counsel, and sues Defendant, CONN APPLIANCES INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like CONN APPLIANCES INC., from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings

1

presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Shelby County, Tennessee. Accordingly, venue is appropriate with this Court under 28 U.S.C.

§1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Tennessee, residing in Memphis, Shelby County, Tennessee.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, CONN APPLIANCES, INC., is a corporation with its principal place of business located at 4055 Technology Forest Blvd., Suite 210, The Woodlands, Texas 77381 and which conducts business through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

11. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (901) ***-6667, and was the called party and recipient of Defendant's hereinafter described calls.

12. On or about April 1, 2016 Plaintiff began receiving telephone calls to his aforementioned cellular telephone number from Defendant seeking to recover an alleged debt.

13. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: 1-800-838-8434, 1-901-563-1412, 1-901-563-1941, 1-901-563-1991, 1-901-563-2602, 1-901-563-2976, 1-901-504-4814, 1-901-563-0447, 1-901-563-1268, 1-901-609-8402, 1-

901-602-3384, 1-901-602-3490, 1-901-610-0940, 1-901-610-0982, 1-901-617-0641, 1-901-617-0692, 1-901-617-0694, 1-901-617-0697, 1-901-617-0699.

14. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiff will testify that he knew it was an auto-dialer because of the vast number of calls he received and because when he answered a call from the Defendant he would hear either a pre-recorded message asking him to hold the line for the next available representative, or an extended pause before a representative would come on the line.

15. Furthermore, some or all of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

17. In or about the end of May 2016, Plaintiff answered a call from Defendant to his aforementioned cellular telephone number, met with a pre-recorded message directing him to hold on the line, held the line, and was eventually connected to a live representative, and informed an agent/representative of Defendant that he already made prior arrangements for payment on the account, and demanded that the Defendant cease placing calls to his aforementioned cellular telephone number.

18. During the aforementioned phone call with Defendant in or about the end of May 2016, Plaintiff unequivocally revoked any express consent Defendant may have mistakenly believed they had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

19. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

20. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

21. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express consent the Defendant may have believed they had to call his aforementioned cellular telephone number.

22. The Plaintiff's requests for the harassment to end were ignored.

23. From approximately May 1, 2016 through approximately the filing of this Complaint, or at such time as will be determined after a thorough review of Defendant's records, Defendant has called Plaintiff's aforementioned cellular telephone on a daily basis, despite Plaintiff's request for the calls to stop.

24. From about May 1, 2016 through the filing of this Complaint, Defendant has placed approximately one-thousand two hundred (1,200) calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"**

representing a non-exclusive call log of at least one hundred and forty-nine (149) calls in period from July 4, 2016 to July 23, 2016).

25. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times in the same hour, during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

26. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals, just as it did to the Plaintiff's cellular telephone in this case.

27. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

28. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals informing the Defendant that they do not wish to be called.

29. Defendant has had numerous complaints from consumers against them across the country asking not to be called; however, the Defendant continues to call the consumers.

30. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

31. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

32. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

33. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant call.

34. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

35. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

36. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

37. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

38. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

## COUNT I
### (Violation of the TCPA)

39. Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-eight (38) as if fully set forth herein.

40. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

41. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against  for statutory damages, punitive damages, actual damages,

treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

        Respectfully submitted,

        */s/ Mark Lambert*
        Mark A. Lambert, Esquire (TNB: 22509)
        Morgan & Morgan
        40 S. Main Street, Suite 2600
        One Commerce Square
        Memphis, Tennessee 38103
        (901) 217-7000 phone
        (901) 333-1897 fax
        mlambert@forthepeople.com
        *Attorney for Plaintiff*

*And*

        */s/ Octavio Gomez*
        Octavio Gomez, Esquire
        *Application for Pro Hac Vice Pending*
        Morgan & Morgan, Tampa, P.A.
        201 N. Franklin Street, 7th Floor
        Tampa, FL 33602
        Tele: (813) 223-5505
        Fax: (813) 223-5402
        Primary Email: TGomez@ForThePeople.com
        Secondary Email: LDobbins@ForThePeople.com
        Florida Bar #: 0338620
        *Attorney for Plaintiff*